UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BETTINA BONTERRE,

                         Plaintiff,

    -against-

THE CITY OF NEW YORK,
THE NEW YORK CITY DEPARTMENT OF
SANITATION, ROBERT WEISS,
and GASPAR MORENO,

                        Defendants.
-------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff Demands
Trial by Jury

       Plaintiff by her attorneys, DeTOFFOL & ASSOCIATES, Attorneys at Law, upon information and belief, complains of the defendants herein, alleging at all relevant and materials times and upon information and belief, as follows:

### Nature Of The Case

1.    Plaintiff complains against defendants for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended ("Title VII"), and pursuant to *Gibb*, 38 U.S. 715 (1966), the New York State Human Rights Law under NYS Executive Law §296 et. seq. ("NYSHRL"), the New York City Human Rights Law under NYC Administrative Code § 8-107(4) et. seq. ("NYCHRL"), and New York common law, and seeks damages to redress the injuries plaintiff has suffered as a result of defendants' hostile work environment gender based sexual harassment and assault, and retaliation.

### Jurisdiction & Venue

2.    At all times material, Plaintiff BETTINA BONTERRE (herein "Ms. Bonterre" and/or "Plaintiff") is a female individual who resident of the County of the Bronx, City

and State of New York.

3.      Defendant CITY OF NEW YORK (hereinafter "NYC") is a municipal entity, duly organized and existing pursuant to the laws of the State of New York.

4.      Defendant NEW YORK CITY DEPARTMENT OF SANITATION (hereinafter "DSNY") is a municipal entity and/or agency, existing and otherwise sanctioned under and by virtue of the laws of the State and City of New York.

5.      Defendant ROBERT WEISS (hereinafter "Supervisor") is an individual adult male employed and working for co-defendants in the County, City and State of New York,.

6.      Defendant GASPAR MORENO (hereinafter "Employee") is an individual adult male residing in the County, City, and State of New York.

7.      Jurisdiction of this action is conferred upon the Court insofar that this action involves a federal question under Title VII of the Civil Rights Act. The Court, pursuant to *Gibb*, 38 U.S. 715 (1966), also has supplemental jurisdiction over the Counts based on the laws of the State of New York.

8.      Venue is proper in this district under 28 U.S.C. §1391(b) and otherwise based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York, and plaintiff was employed by defendants within the Southern District of the State of New York.

9.      Plaintiff filed charges with the EEOC on or about March 20, 2017.

10.     Plaintiff received a Right to Sue Letter dated October 31, 2017 permitting the commencement of this lawsuit from the EEOC, and this Complaint has been filed within 90 days of receipt of the aforementioned permission letter.

## **Background**

11.     Defendants NYC and DSNY provide functional operations supporting public service, having a garage depot location at 423 West 215th Street, New York, New York 10034 ("Workplace").

12.     Defendant Supervisor is an individual and employee, independent contractor, agent, and/or servant of the co-Defendants NYC and DSNY.

13.     Defendant Employee was an individual and employee, independent contractor, agent, and/or servant of the co-Defendants NYC and DSNY.

14.     During Ms. Bonterre's initial employment by Defendants NYC and DSNY in 1997, she arrived at a newly assigned Hunts Point garage depot work location, only to find pornography openly playing at the Defendant DSNY.

15.     Then in 2009, at a DSNY location gathering exclusively among co-workers for a supervisor's birthday, Plaintiff was unknowingly exposed to and ingested a "date rape" drug, which was put into her drink.

16.     The effects of said drug suspended her judgment at that gathering. Plaintiff was then sexually assaulted and raped by her co-workers and supervisors.

17.     She subsequently complained to upper management about that horrific set of circumstances and incident.

18.     Shortly following that complaint by her about said horrific set of circumstances and incident, she was sexually assaulted by a group of co-workers and supervisors within a DSNY parking lot, where one DSNY worker shoved his hand down her pants in the presence of the group.

19.     This incident was physical retaliation for her having complained to upper

management about the sexual assault and rape, and meant to silence her from continuing to support that claim and from making any future complaints.

20.     Defendants NYC and DSNY failed to engage in any meaningful interactive process to address any of the aforementioned sexual harassment incidents, and all of the involved co-workers and supervisors remained in Defendant's employment.

21.     That inappropriate environment was sustained and continued, despite her protests and complaints to upper management, and was abated temporarily when Ms. Bonterre was reassigned another location.

### Relevant Facts To Harassment & Retaliation At The Workplace, And Independently Retaliation For The Background Events

22.     In or around February 2014, Plaintiff Ms. Bonterre was relocated to the Workplace, maintaining the job title Clerical Assistant Level 3.

23.     Plaintiff's newly assigned supervisors at the Workplace were aware of the aforementioned incidents and her voiced complaints.

24.     Defendant Supervisor is Ms. Bonterre's direct supervisor at the Workplace.

25.     In the presence of Defendant Supervisor, without her consent, and despite her protest, Plaintiff was subjected to a hostile work environment by co-workers, including but not limited to:

a.     offensive, sexually-explicit comments by co-workers, including comments about the size of her breasts;

b.     daily conversations of crude and explicit nature using terms focused and referring to Ms. Bonterre's vagina, breasts, anus, buttocks, lips and legs;

c.      making suggestions to go to the "Deegan cheater's motel";

d.      and garage workers frequently and habitually physically touch Ms. Bonterre as they pass the Plaintiff's desk.

26.     In or around October 2016, in the presence Defendant Supervisor, Plaintiff's pants were deliberately and intentionally sliced with a razor by Defendant Employee.

27.     On February 11, 2017 yet again in the presence of Defendant Supervisor, a shop steward and Defendant Employee deliberately shoved the handle of a broomstick deeply into Ms. Bonterre's clothed buttocks while callously laughing.

28.     Despite Ms. Bonterre's complaints and Defendant Supervisor's presence throughout substantially all of sexually-based offenses, Defendant Supervisor has taken no action.

29.     Defendants maintained a hostile work environment at the Workplace, allowing the verbal and physical sexual harassment of Ms. Bonterre to continue on a regular basis.

30.     When Plaintiff voiced her protests and complaints, she was met with inaction and escalated instances of harassment.

31.     Ms. Bonterre suffered from the effect of the aforementioned disturbing behavior, gender-based sexual discrimination, hostile work environment and retaliation by it causing, activating, and aggravating emotional distress and anxiety beyond the much earlier aforesaid instances of workplace harassment at Defendants NYC and DSNY's other locations.

**COUNT 1**
**UNDER FEDERAL TITLE VII**
**(Federal Gender/Sex Discrimination)**

32.     Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this Complaint.

33.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. § 1981, for relief based upon the unlawful employment practices of Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and gender.

34.     SEC. 2000e-2. [Section 703] states as follows:

(a) Employer practices
It shall be an unlawful employment practice for an employer -
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

35.     Defendants violated the section cited herein as set forth and engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by creating and maintaining a hostile discriminating work environment against Plaintiff because of her sex and gender.

**COUNT 2**
**UNDER FEDERAL TITLE VII**
**(Federal Retaliation)**

36.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

37.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

38.     Defendants violated the section cited herein as set forth and retaliated against

Plaintiff because she opposed Defendants' unlawful employment practices.

## COUNT 3
## UNDER NEW YORK STATE EXECUTIVE LAW
### (NYS Sex/Gender Discrimination)

39.     Plaintiff repeats, reiterates and realleges each and every allegation made in the

above paragraphs of this Complaint as if more fully set forth herein at length.

40.     Executive Law § 296 provides that :

1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

41.     Defendants violated the section cited herein as set forth and engaged in an

unlawful discriminatory practice by creating and maintaining a hostile discriminating

work environment by against Plaintiff because of her sex and gender.

## COUNT 4
## UNDER NEW YORK STATE EXECUTIVE LAW
### (NYS Retaliation)

42.     Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this Complaint.

43.     New York State Executive Law §296(7) provides that it shall be an unlawful:

For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article.

44.    Defendants violated the section cited herein as set forth and engaged in an

unlawful discriminatory practice by retaliating and otherwise discriminating against the

Plaintiff because of Plaintiff's opposition to the unlawful employment practices of

Defendants.

**COUNT 5**
**UNDER NEW YORK STATE EXECUTIVE LAW**
**(NYS Aiding & Abetting)**

45.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this Complaint.

46.    New York State Executive Law §296(6) provides that it shall be an unlawful

discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts forbidden
under this article, or attempt to do so."

47.    Defendants violated the section cited herein as set forth and engaged in an

unlawful discriminatory practice in violation of New York State Executive Law §296(6)

by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**COUNT 6**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(NYC Sex/Gender Discrimination)**

48.    Plaintiff repeats, reiterates and realleges each and every allegation made in the

above paragraphs of this Complaint as if more fully set forth herein at length.

49.    The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an

unlawful discriminatory practice:

(a) For an employer or an employee or agent thereof, because of the actual or
perceived age, race, creed, color, national origin, gender, disability, marital status,
sexual orientation or alienage or citizenship status of any person, to refuse to hire or

employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

50.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(a) by creating and maintaining a hostile discriminating work environment by against Plaintiff because of her sex and gender.

**COUNT 7**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(NYC Retaliation)**

51.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52.     The New York City Administrative Code Title 8, §8-107(l)(e) provides that it shall be unlawful discriminatory practice:

"For an employer... to discharge ... or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

53.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

**COUNT 8**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(NYC Aiding & Abetting Discrimination)**

54.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55.     New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or

interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

56.    Defendants violated the section cited herein as set forth and engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8-107(19) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**COUNT 9**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(NYC Vicarious Liability)**

57.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58.    New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by its employees, agents or independent contractors.

(a)    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

(b)    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1)    the employee or agent exercised managerial or supervisory responsibility; or

(2)    the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility;  or

(3)    the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

59.     Defendants violated the section cited herein as set forth.


## COUNT 10
## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (NYS Common Law)

60.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if more fully set forth herein.

61.     Defendants' behavior was carelessly extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

62.     Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

63.     Defendants caused plaintiff to fear for Plaintiff's own safety.

64.     Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

65.     As a result of Defendants' acts, Plaintiff has been damaged in an amount to be determined at the time of trial.


## COUNT 11
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (NYS Common Law)

66.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs   of this complaint as if more fully set forth herein.

67.     Defendants' behavior was intentionally extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

68.     Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

69.   Defendants caused plaintiff to fear for Plaintiff's own safety.

70.   Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

71.   As a result of Defendants' acts, Plaintiff has been damaged in an amount to be determined at the time of trial.


## Relief

WHEREFORE, Plaintiff respectfully demands against Defendants on each and every Count:

(a)   An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to economic damages for future front pay wages and attendant benefits concerning anticipatory constructive termination;

(b)   An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to past and future non-economic damages for degrading humiliation, pain and suffering and emotional distress sustained;

(c)   An award to Plaintiff of the costs of this action, including their reasonable attorney's fees to the fullest extent permitted by law;

(d)   An award of punitive damages in an amount to be determined at trial; and

(e)   Such other and further relief as this Court deems necessary and proper.


## Jury Demand

Plaintiff requests a jury trial on all issues to be tried.

Dated: New York, New York
      January 26, 2018

                          DeTOFFOL & ASSOCIATES, Attorneys at Law
                          125 Maiden Lane – Suite 5C
                          New York, New York 10038
                          Tel. (212) 962-2220
                          Attorneys for Plaintiff